IN THE
UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

JOSE GILBERTO SERRANO GOYCO,
      Petitioner,

Vs.

Case Number: **99-CR-325-01 (HL)**

UNITED STATES OF AMERICA,
      Respondent.

**PETITION FOR EARLY TERMINATION
AND/OR MODIFICATION OF TERM OF
SUPERVISED RELEASED**

PETITIONER, **JOSE GILBERTO SERRANO GOYCO**, hereinafter, respectfully Petition this Honorable Court for termination and/or modification of term of Supervised Release, pursuant to 18 U.S.C. §3583(e)(1).

In support hereof, Petitioner would state and show the Court as follows:

    1. That, On January 31, 2002, Case no. 99-CR-325-01. Petitioner was sentenced to sixty three (63) months and four years of Supervised release, for a violation of 21 USC §841(a)(1)to run concurrent with each other.

    2. That, to date, Petitioner has served one year exemplary behavior, on his four (4) years term of Supervised release.

    3. That, Petitioner has maintained employment, and abided by all rules and conditions of Supervised Release.

1

4.  That, Petitioner has submitted his required reports in a timely manner and has had no infractions and has shown rehabilitation. Hence, the continuation of Petitioner's term of Supervision would only incur undue financial liability and undue burden upon the United States Probation Department's already overload, case loads.

WHEREFORE, Premises considered herein above, and in accord with authority cited hereunder Petitioner's hereto attached memorandum of law, Petitioner prays this Honorable Court will terminate and/or modify Petitioner's term supervised release.

Submitted this day 1st of February 2008.

RESPECTFULLY SUBMITTED,

_____
Petitioner

---

1/  Attached herewith is Memorandum of Law in support of Petition

2

## MEMORANDUM OF LAW IN SUPPORT OF
## PETITION FOR TERMINATION AND/OR
## MODIFICATION OF TERM OF <u>SUPERVISED RELEASE</u>

A District Court's discretionary authority provided by 18 U.S.C. §3583(e)(1) to terminate a term of Supervised Release after the completion of one (1) year applies even if the Defendant was sentenced to a mandatory term of 5 years or more of Supervised Release.

Title 18 U.S.C. §3583(e)(1) and the Court's discretionary authority as made part of the original changes in post-conviction supervision brought on by the Sentencing on by the Sentencing Reform Act. Two years later, when Congress enacted the mandatory term provided by §851(b)(1)(c) as part of the Anti Drug Abuse Act, §3583(a) was amended to reflect the new mandatory minimums, but Congress said nothing and did nothing, about the discretion provided in §3583(e)(1).

The ADAA also amended is U.S.C. §3583(a) to include the requirement that if a Court is to impose a sentence of Imprisonment the Court must "include as part of the sentence a requirement that the defendant be placed on a term of supervised release if such a term is required by Statute." The ADAA, however, did not amend the Court's

1

discretionary authority to terminate or modify supervised release under §3583(e)(1).

In the mind of Congress, as expressed in plain meaning of the Statutes… The Sentencing phase is different than post-sentence modification.

Prior to the Congressional Amendment of 18 U.S.C. §3583(a) in the ADAA, the district courts had the authority under 18 U.S.C. §3583(e)(1); it also had the additional and separate discretionary authority to terminate a term of supervised release after one year of completion. When Congress subsequently amended 18 U.S.C. §3583(a) to require the courts to impose a term of supervised release, on a defendant if such a term is required by Statute, it only partially limited a Court's discretionary authority to impose the sentence. Congress did not alter the Court's separate authority to terminate a sentence of supervised release, under 28 U.S.C. §3583(e)(1), if the conduct of the person and the interest of justice warranted it.

Seen as two separate chronological phases, the statute mandating a specific sentence of supervised release and the statute authorizing the termination of a prior imposed sentence are quite consistent. They are not in conflict, as "[n]either statute prohibits the other from working." GALLENSTEIN V.U.S. 975 f.2D 286 at 291 (CA9 1992).

2

Therefore, in the absence of clear Congressional expression to the contrary, a court must give effect to both statutes. Even though the court had to sentence Petitioner to a mandatory term of supervised release it still has the subsequent discretionary authority to terminate Petitioner's term of supervised release and discharge Petitioner after one year of completion.[1/]

Recent analogous cases also support Petitioner's position. COZLON-PEREZ 498 U.S. 395, 48 CRL 2095 (1991), the Supreme Court Stated that "[T]he reasonable assumption is that when Congress adopted the ADAA and used the term of "Supervised Release", it knew of the full definition in the existing Sentencing Reform Act and Legislated with reference to it." If Congress had intended to exempt mandatory terms of supervised release from the District Court's terminating authority under §3583(e)(1), it could have done so explicitly when it amended §3583(a), but it did not change the District Court's authority.

In RODRIGUERA V. U.S. 954 f. 2d 1465 (1992) The Ninth Circuit held that §3583(e)(2) which authorizes a district court to extend a term or modify the conditions of supervised release, applied to the supervised release term

---

[1/] See, U.S. V. SPINELLE, ca6, NO. 93-2481, (12/7/94)

3

Rodriguera had received. The Court stated:" Given the analogous results which would be produced by requiring supervised release terms for these ADAA drug offenses without adopting standards to guide their implementation, it would have been reasonable for Congress to assume that the instruction on revocation of supervised release terms imposed for ADAA offenses." Id. at 1469. The same reasoning, along with previous arguments lead to --- the conclusion that Congress intended the instructions for the termination of supervised release contained in U.S.C. §3583(e)(1) to apply to the supervised release terms imposed for the ADAA offenses.

   WHEREFORE Petitioner prays this Honorable Court pursuant to it's discretionary authority under U.S.C. §3583(e)(1) will terminate and/or modify Petitioner's term of Supervised Release.


   This day 1st of February 2008.



                                    RESPECTFULLY SUBMITTED
                                    
                                         Petitioner

4